[Civ. No. 95.    Second Appellate District.—November 16, 1905.]

## GEORGE J. DAVIS, Respondent, v. BAKERSFIELD OIL AND STOCK EXCHANGE, Appellant.

CORPORATION—ACTION BY ASSIGNEE OF SALARY ACCOUNT—COUNTER-CLAIM—ADVANCES BY ASSOCIATES FOR STOCK—SUPPORT OF FINDING. In an action against a corporation by the assignee for value of a salary account, the corporation cannot counterclaim an account against the assignor for advances made under an agreement prior to the incorporation that the associates making the advances would accept payment therefor in stock of the corporation at its par value, although the account was continued thereafter by the corporation, where the court was justified in finding that the corporation did not make the advances, and had nothing to do with the contract in relation thereto.

ID.—BANK OF ASSOCIATES CONTINUED BY CORPORATION—CHARGE FOR ADVANCES TO WRONG ACCOUNT—ACTION NOT TENABLE.—Where the associates conducted a bank prior to the incorporation under the same name as that continued by the corporation, if the fact be conceded that the bank made the payments for the advances made in consideration of stock from plaintiff's assignor out of the wrong account, and charged up the vouchers to the corporation, when they should have charged to the associates, such account could not form the basis of an action in favor of the corporation against plaintiff's assignor, and certainly not against plaintiff, who is the assignee for value of his salary claim.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Smith & Allen, for Appellant.

Emmons & Irwin, and C. E. Young, for Respondent.

ALLEN, J.—Action by plaintiff, as assignee of one Young, to recover salary due Young from defendant. Judgment for plaintiff, from which, and an order denying a new trial, defendant appeals.

The only question presented upon this appeal which is urged by counsel is as to the sufficiency of the evidence to support the finding that "it is untrue that the defendant

advanced to C. E. Young the sum of $1,457.56, or any other sum.'' The evidence discloses that a number of persons, prior to May, 1901, were engaged in business under the same name and style afterward adopted by a corporation organized by them; that these persons kept a bank account under such name, and entered into an agreement with Young that they would advance him $50 per month, and accept in payment therefor stock of the corporation thereafter to be organized at its par value; and that upon the faith of this agreement Young executed receipts for such monthly advances, and the same were paid by the bank in which the association kept its funds. The corporation, after its organization, opened an account in the same bank under the same name, and Young, for eleven months thereafter, continued to present his vouchers for $50 during each month on account of such agreed advances, and the same were paid by the bank, but out of which fund it does not with certainty appear. It is not denied that a subsequent agreed salary of $150 per month to Young was unpaid to the extent of $375, and that the same for value was assigned to plaintiff, for which judgment was awarded.

Appellant's contention, however, is that these advances of $50 per month were made in fact by the corporation, through its president, and constituted a valid counterclaim against plaintiff's demand for unpaid salary. This proposition is untenable. The court was justified in finding, as it did, that the corporation did not make the advancements and had nothing to do with the contract in relation thereto. If the fact were conceded that the bank made the payments out of the wrong account, and charged up the vouchers to the corporation when they should have been charged to the association, still it would not form the basis of an action in favor of the corporation and against Young, and especially against one who, in good faith, for value, had purchased the salary claim. But, as before stated, it is not clear that the bank even paid the money out of the corporate fund. Some surmises of the president of the bank to that effect are not convincing.

There is no prejudicial error in the record, and the judgment and order are affirmed.

Gray, P. J., and Smith, J., concurred.